# IN THE NINTH JUDICIAL DISTRICT FOR THE STATE OF TENNESSEE
## ROANE COUNTY CIRCUIT COURT

## SUMMONS

| | |
|---|---|
| LaKishia N. Boyd, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2020-CV-71 |
| | ) |
| v. | ) |
| | ) |
| Youth Opportunity Investments, LLC, | ) Jury Demand |
| d/b/a Roane Academy, | ) |
| | ) |
| Defendant. | ) |

To the above-named Defendant:

**YOUTH OPPORTUNITY INVESTMENTS, LLC**
**d/b/a ROANE ACADEMY**
**c/o Corporation Service Company, its Registered Agent**
2908 Poston Avenue
Nashville, Tennessee 37203-1312.

You are hereby summoned and required to serve upon Katherine A. Young, YOUNG LAW OFFICE, P.C., Plaintiff's attorney, whose address is 9041 Executive Park Drive, Suite 121, Knoxville, Tennessee 37923, an Answer to the Complaint herewith served upon you within 30 days after service of this Summons and Complaint upon you, exclusive of the day of service. A copy of the Answer must be filed with the court either before or within a reasonable time after service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the Complaint.

Issued and tested this 6th day of July, 2020.

_____
Amy Brown D.C.
Clerk & Master

## NOTICE

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA §26-2 -301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right orhow to execute it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Exhibit A

Filed 7-6-2020
ANN GOLDSTON Time 11:45am
By amy Brown D.C.

### IN THE NINTH JUDICIAL DISTRICT
### FOR THE STATE OF TENNESSEE
### ROANE COUNTY CIRCUIT COURT

| | | |
|---|---|---|
| **LAKISHIA N. BOYD** | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action No.: 2020-CV-71 |
| | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **JURY DEMAND** |
| **YOUTH OPPORTUNITY INVESTMENTS,** | ) | |
| **LLC, d/b/a Roane Academy** | ) | |
| | ) | |

## COMPLAINT

COMES the Plaintiff, LaKishia N. Boyd (hereinafter "Boyd" or "Plaintiff") and sues

the Defendant, Youth Opportunity Investments, d/b/a Roane Academy (hereinafter "Roane

Academy" or "Defendant"), and respectfully shows this Honorable Court as follows:

### I. PRELIMINARY STATEMENT

This action arises from actions against Plaintiff by Defendant in violation of:

    (1)    Tenn. Code Ann. § 33-1-101 *et. seq.*;

    (2)    Tenn. Code Ann. § 37-1-410(b) and Tenn. Code Ann. §37-1-613; and,

    (3)    Tennessee common law for retaliatory discharge.

 Plaintiff seeks damages under all above-listed causes of action.

### II. PARTIES

1.    Plaintiff is a citizen and resident of Roane County, Tennessee.

-1-

2.	Defendant is a foreign LLC duly organized and existing under the laws of the State of Indiana, authorized to do business in the State of Tennessee, with its principal place of business located at 100 Woodland Street, Nashville, Tennessee 37213-1215. It may be served through its Registered Agent at 2908 Poston Avenue, Nashville, Tennessee 37203-1312. (See Exhibit 1)

3.	Plaintiff reserves the right to further amend this Complaint with leave of court to name and/or substitute as defendants any other legal entities which may later be discovered to be responsible, in whole or in part, for the wrongful conduct alleged herein.

## III. VENUE AND JURISDICTION

4.	Plaintiff was employed by Defendant at Roane Academy, located at 503 Cardiff Valley Road, Rockwood, Tennessee, during all times relevant to this Complaint.

5.	The events or omissions giving rise to the claims occurred in this district and venue is therefore proper with this Court pursuant to Tenn. Code Ann. §16-10-101.

## IV. FACTS

6.	At all times stated herein, the Defendant was licensed by the Tennessee Department of Mental Health and Substance Abuse Services as a Mental Health Residential Treatment for Children & Youth facility. (Exhibit 2).

7.	At all times stated herein, Defendant's agents and employees were subject to the provisions of Mandatory Child Abuse Reporting, as set forth in Tenn. Code Ann. § 37-1-401, *et. seq*.

8.	On or about August 12, 2018, Plaintiff was hired as a "Youth Care Specialist" on a PRN (as-needed) basis at Roane Academy. She worked both full-time and part-time, depending on the weekly schedule.

-2-

9. Plaintiff's job duties were to be primarily administrative, but she agreed to provide support on outings and help as a Youth Counselor on the floor to allow other staff time for breaks.

10. Instead, Plaintiff was placed on the floor with youth throughout her employment.

11. Plaintiff was a competent and satisfactory employee during her tenure. She never received any reprimand or discipline.

12. Plaintiff received an award for outstanding service to Defendant and received both verbal and written commendation about her excellent performance.

13. Plaintiff was routinely required to work for 12 to 16 hours on Saturdays and Sundays once she committed to the shift with a supervisor. She often was not provided time for to leave the floor for breaks or uninterrupted meals. Plaintiff and other employees were often forced to eat the meals provided for the residents, while on duty, because they could not leave the floor. They were often not provided restroom breaks.

14. Defendant was chronically understaffed and therefore, employees had to often remain on duty without meals or rest breaks because there was no staff person available to relieve them. If employees did receive breaks, they were broken into two 15 minute increments and a full 30 minute break was no longer given.

15. Tennessee law requires mandatory reporting of sexual and/or inappropriate contact between staff and a minor resident at a facility such as Roane Academy. Plaintiff also had to sign paperwork with the company agreeing to report such events.

16. Defendant's employees are required to obey the reporting requirements of Mandatory Child Abuse Reports pursuant to Tenn. Code Ann. § 37-1-401 *et. seq.*

-3-

17.     On September 9, 2019, Plaintiff made a written complaint to Tyrene Green, Vice President of Program Development for Defendant.   (Exhibit 3) In her complaint, Plaintiff informed Mr. Green of various issues and pointed out that cameras in the facility would support her statements.

18.     In her September 9, 2019 complaint, Plaintiff informed Mr. Green of severe under-staffing of personnel, which was leading to fights with injuries between residents and neglect of their needs for therapy and supervision.   Plaintiff informed Mr. Green that the under-staffing led to Roane Academy being found out of compliance with Tennessee Department of Children Service's (hereinafter "DCS") requirements.

19.     Attached to her September 9, 2019 email to Mr. Green, Plaintiff attached a statement from a former co-worker named Jamal Ashley. (Exhibit 4) In that letter, Mr. Ashley stated, in pertinent part:

> The violation consists of staff having intercourse with the children in the facility . . .
>
> . . .
>
> We all were over worked and required to stay two days a week for 16 hours with no breaks due to not having enough staff.

20.     On September 12, 2019, Plaintiff followed up with Mr. Green to inquire as to whether her complaint was submitted to the corporate office for proper investigation. (Exhibit 5).  She asked for information on whom she could contact, if not.

21.     On September 12, 2019, Plaintiff contacted Dallas Scott, Vice President, to verify that Mr. Green had passed along her complaints to higher management at Defendant.  She included a copy of her previous communication to Mr. Green.  She received a "read" receipt on this email. (Exhibit 6)

-4-

22.     On September 12, 2019, Plaintiff filed a Child Abuse Referral with Tennessee Department of Children Services. (Exhibit 7)

23.     On October 30, 2019, Plaintiff contacted Lauren Turpin (Human Resource Supervisor), Mr. Green, and Richard McCabe (Human Resources Manager), Defendant's employees, requesting information on training needed to resume her job duties. Plaintiff stated she had been retaliated against in her email and that she believed she was being pushed to resign by the fact that her complaints were ignored and no one in management would respond to her.

24.     Later on October 30, 2019, Plaintiff contacted Lindsey Ford of Defendant's legal department. She reiterated that she was retaliated against for her reports.

25.     On November 6, 2019, Plaintiff sent a lengthy email of complaint to Jim Hill, President of Defendant, with several attachments, again attaching the letter of Mr. Ashley. (Exhibit 8)

26.     Plaintiff was terminated from her position within one week of her email to President Hill on November 12, 2019.

27.     When Plaintiff inquired as to why she was terminated, Gary Sallee, Chief Legal Officer for Defendant, wrote, ""The company feels it is the best decision for providing best-in-class services to its customers and the youth in its care and custody."

28.     Plaintiff was not provided with a Separation Notice, although one is required by the State of Tennessee.

29.     Plaintiff was not provided with an opportunity to work after approximately September of 2019, as there was no satisfactory response to her reports of retaliation and request for training.

-5-

30.     Defendant has offered Plaintiff a return to work to begin in July, 2020, which she intends to undertake with the provision that it is unconditional, the same position as her previous employment, the same rate of pay, and that she will not be subject to further retaliation.

## V. CAUSES OF ACTION

31.     The allegations set forth in Paragraphs 1 through 30 are incorporated herein by reference as though fully set forth.

### A.     Violation of Tenn. Code Ann. § 33-2-401, *et seq.*

32.  In the "Mental Health, Alcohol and Drug Abuse, Prevention and/or Treatment, Intellectual and Developmental Disabilities, and Personal Support Services Licensure Law," section of the Tennessee Code, Defendant qualifies as a "facility" under Tenn. Code Ann. § 33-2-402.

33.     Plaintiff made a report of violations of under-staffing, inappropriate ratios of staff to residents, and abuse of residents to multiple layers of Defendant's company, including all the way to the Chief Executive Offer, Mr. Hill.

34.     Defendant had an obligation to notify its licensing agency for the State of Tennessee about Plaintiff's report.  It did not do so.

35.     Defendant also had an obligation under law to notify local Law Enforcement when Plaintiff made her report of child sexual abuse.  It did not do so.

36.     Defendant took an employment action adverse to Plaintiff when it fired her from her position.

37.     There was a causal connection between Plaintiff's good faith report and the adverse employment actions.

-6-

38.     Under Tenn. Code Ann. § 33-2-416(b), Plaintiff has a private cause of action for any person who caused a detrimental change in her employment status because of her report.

39.     Plaintiff has suffered damages by Defendant's violation of Tenn. Code Ann. §33-2-401 *et seq.* in firing her for her report.   Plaintiff seeks damages in an amount according to proof, including but not limited to, lost wages, lost benefits, lost interest on wages and benefits, past pecuniary losses, future pecuniary losses, punitive damages, embarrassment, humiliation, inconvenience, loss of lifetime earning capacity, and other incidental and consequential damages and expenses.

40.     Plaintiff further seeks pre- and post-judgment interest.

**B.     Violation of Tenn. Code Ann. §37-1-613 and Tenn. Code Ann. § 37-1-410(b)**

41.     Under Tenn. Code Ann. §37-1-613, any person making a report of child sexual abuse shall be afforded the remedies provided under Tenn. Code Ann. 37-1-410(b).

42.     Under Tenn. Code Ann. § 37-1-410(b), Plaintiff has a private cause of action for any person who caused a detrimental change in her employment status by cause of her report.

43.     Plaintiff made such a report to her employer on September 9, 2012 and to DCS on September 12, 2019.

44.     When the DCS investigation occurred, Dallas Scott told Casey Jenkins, lead therapist at Roane Academy, "I know it was that Boyd girl," who made the report to DCS. Ms. Jenkins called Plaintiff to report Mr. Scott's comments.

-7-

45. Defendant took an employment action adverse to Plaintiff when it fired her from her position.

46. There was a causal connection between Plaintiff's good faith report and the adverse employment actions.

47. Plaintiff has suffered damages by Defendant's violation of Tenn. Code Ann. §37-1-613 *et seq.* in firing her for her report. Plaintiff seeks damages in an amount according to proof, including but not limited to, lost wages, lost benefits, lost interest on wages and benefits, past pecuniary losses, future pecuniary losses, punitive damages, embarrassment, humiliation, inconvenience, loss of lifetime earning capacity, and other incidental and consequential damages and expenses.

48. Plaintiff further seeks pre- and post-judgment interest.

**C. Retaliatory Discharge Under Tennessee Common Law**

49. The Plaintiff was fired in retaliation for exercising her right to object to violations of state law related to Defendant's neglect (failure to provide appropriately staffed facilities for minor children) resulting in physical injuries from fighting and maltreatment by other child residents. Tenn. Code Ann. §39-15-401.

50. This public policy is express in law by Tenn. Code Ann. §39-15-401.

51. Defendant's neglect was done with knowledge and resulted in physical injury to children in its care.

52. Plaintiff was also fired in retaliation for her complaints regarding Defendant's failure to provide meal breaks of at least one-half hour for employees working over 6 hours.

53. This public policy is expressed in law by Tenn. Code Ann. § 50-2-103(h)(1)(A).

-8-

54. Defendant had knowledge of Plaintiff's complaints.

55. There is a causal connection between Plaintiff's reports and her termination.

56. Defendant's action in firing the Plaintiff was retaliatory in nature and contrary to common law and contrary to the public policy of the State of Tennessee.

57. The actions of the Defendant in terminating the Plaintiff's employment in violation of law has caused the Plaintiff to suffer damages, for which she is entitled to and seeks redress.

58. Plaintiff seeks damages in an amount according to proof, including but not limited to, lost wages, lost benefits, lost interest on wages and benefits, past pecuniary losses, future pecuniary losses, punitive damages, embarrassment, humiliation, inconvenience, loss of lifetime earning capacity, and other incidental and consequential damages and expenses.

59. Plaintiff further seeks pre- and post-judgment interest.

## VI. **PRAYER FOR RELIEF**

60. Paragraphs 1 through 59 are hereby re-alleged and incorporated in full by reference as if fully set forth herein.

61. As a result of the conduct and actions of the Defendant herein alleged, Plaintiff has no effective, adequate, or complete remedy at law, because Defendant continues to engage in the wrongful practices alleged herein. Therefore, Plaintiff prays:

    A. That the Court assume jurisdiction of this action and that process issue;

    B. That Plaintiff be awarded damages in an amount not to exceed Five Hundred Thousand Dollars ($500,000), including but not limited to damages for lost wages,

-9-

lost benefits, lost interest on wages and benefits, humiliation, embarrassment, inconvenience, loss of lifetime earning capacity, and other incidental and consequential damages and expenses;

        C.      The wrongful acts of Defendant as alleged herein in violation of Tenn. Code Ann. § 33-2-416 and   Tenn. Code Ann. §37-1-613 were done maliciously, intentionally, fraudulently and/or recklessly.  Plaintiff is therefore entitled to and seeks an award of punitive damages in an amount not to exceed Five Hundred Thousand Dollars ($500,000);

        D.      For pre- and post-judgment interest;

        E.      For such other and further relief which the Court deems just and proper.

        Respectfully submitted this 6th day of July, 2020.

Katherine A. Young, BPR No. 017178
YOUNG LAW OFFICE, P.C.
9041 Executive Park Drive, Suite 121
Knoxville, Tennessee 37923
Telephone (865) 474-1284
Facsimile (615) 296-0379
Katherine@younglawknoxville.com

-10-

## COST BOND

I acknowledge myself liable for all court costs in this cause.

_LaKishia N. Boyd_

I hereby acknowledge and bind myself for the payment of all court costs and taxes in this leading cause only, should such costs be awarded against the prosecuting party in this original action, and not springing from or otherwise associated with any appeal, counter claim, third party claim, or any other associated, ancillary, or derivative action, in accord with Tenn. Code Ann. § 20-12-120, and specifically denying any liability under Tenn. Code Ann. § 20-12-119, that may be adjudged herein against LaKishia N. Boyd, the principal, in the event that the principal does not pay them.

Witness my hand this 6th day of July, 2020.

SURETY: Young Law Office, P.C.

BY:

Katherine A. Young, BPR # 017178
Its President

-11-



**Tre Hargett**
Secretary of State

**Division of Business Services**
**Department of State**
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

## Filing Information

Name: **Youth Opportunity Investments, LLC**

### General Information

| | | | |
|---|---|---|---|
| SOS Control # | 000853100 | Formation Locale: | INDIANA |
| Filing Type: | Limited Liability Company - Foreign 06/17/2016 1:57 PM | Date Formed: | 09/18/2009 |
| | | Fiscal Year Close | 12 |
| Status: | Active | Member Count: | 1 |
| Duration Term: | Perpetual | | |
| Managed By: | Member Managed | | |

**Registered Agent Address**
CORPORATION SERVICE COMPANY
2908 POSTON AVE
NASHVILLE, TN 37203-1312

**Principal Address**
EXECUTIVE DIRECTOR
100 WOODLAND ST
NASHVILLE, TN 37213-1215

The following document(s) was/were filed in this office on the date(s) indicated below:

| Date Filed | Filing Description | Image # |
|---|---|---|
| 12/16/2019 | Assumed Name | B0792-2703 |

New Assumed Name Changed  From: No Value  To: CSI Bledsoe Youth Academy

| Date Filed | Filing Description | Image # |
|---|---|---|
| 12/16/2019 | Assumed Name | B0792-2690 |

New Assumed Name Changed  From: No Value  To: Bledsoe Youth Academy

| Date Filed | Filing Description | Image # |
|---|---|---|
| 12/12/2019 | Registered Agent Change (by Entity) | B0792-0236 |

Registered Agent Organization Name Changed  From: YOUTH OPPORTUNITY INVESTMENTS, LLC  To: CORPORATION SERVICE COMPANY

Registered Agent Physical Address 1 Changed  From: 100 WOODLAND ST  To: 2908 POSTON AVE

Registered Agent Physical Address 3 Changed  From: EXECUTIVE DIRECTOR  To: No Value

Registered Agent Physical Postal Code Changed  From: 37213-1215  To: 37203-1312

| Date Filed | Filing Description | Image # |
|---|---|---|
| 10/10/2019 | Application for Reinstatement | B0765-8866 |

Filing Status Changed  From: Inactive - Revoked (Administrative)  To: ACTIVE

Inactive Date Changed  From: 08/06/2019  To: No Value

| Date Filed | Filing Description | Image # |
|---|---|---|
| 09/25/2019 | 2018 Annual Report | B0761-5441 |
| 08/06/2019 | Dissolution/Revocation - Administrative | B0743-8209 |

Filing Status Changed  From: Active  To: Inactive - Revoked (Administrative)

Inactive Date Changed  From: No Value  To: 08/06/2019

PLAINTIFF'S
EXHIBIT

Case 3:20-cv-00321-TAV-DCP   Document 1-1   Filed 07/22/20   Page 13 of 25   PageID #: 17

# Filing Information

Name: **Youth Opportunity Investments, LLC**

| | | |
|---|---|---|
| 06/01/2019 | Notice of Determination | B0714-8859 |
| 06/15/2018 | 2017 Annual Report | B0560-9263 |
| 06/01/2018 | Notice of Determination | B0556-0304 |
| 05/03/2017 | 2016 Annual Report | B0387-8561 |
| 06/17/2016 | Initial Filing | B0251-9127 |

Record Status Changed From: Pending To: Active

| Active Assumed Names (if any) | Date | Expires |
|---|---|---|
| CSI Bledsoe Youth Academy | 12/16/2019 | 12/16/2024 |
| Bledsoe Youth Academy | 12/16/2019 | 12/16/2024 |

### Silver Angels of Tennessee - Roane, LLC

'Silver Angels of Tennessee - Roane, LLC' at 2497 South Roane Street, Suite 240, Harriman, TN 37748
Contact: Ashley Jolly (865) 245-8261
Personal Support Services Agency                              L000000025434   12/01/19 – 11/30/20

### Youth Opportunity Investments, LLC

'Center for Success and Independence, Roane Academy' at 503 Cardiff Valley Road, Rockwood, TN 37854
Contact: George Newsome (865) 245-6003
Mental Health Residential Treatment for Children & Youth, Capacity: 64    L000000025327   11/01/19 – 10/31/20

2  Licenses

2  LicensEEs

2  Sites

   licensed categories
   (services)



**From:** Boyd, Lakishia N.
**Sent:** Monday, September 9, 2019 10:12 AM
**):** Tyrene Green <Tyrene.Green@youthopportunity.com>
**Subject:** Concerns, complaint and request

To: Mr. Tyrene Green/Tyrene.Green@youthopportunity.com
From: LaKishia Boyd (Youth Counselor)
RE: Roane Academy - Desmond Moore and DeAndre Moore


I have been working (PRN) at Roane Academy for one year and truly love working with some of the staff and all of the youth. Due to having a full-time job, I can only devote my time at Roane Academy as PRN. I wasn't able to speak with you last week while you were in, so I would like to share my opinion, factual views, co-worker views/complaints and my complaints to you via email in place of the requested 10:00 AM meeting September 9th, 2019 due to inconvenience with my schedule at my other employer.

Roane Academy has been understaffed for a while. Mr. Newsome has worked hard to facilitate the need of competent staff with such conditions. Roane Academy is completely out of ratio a lot and most employees are over worked and made to work mandatory two (16) hour shifts in one week. I'm sure you are aware the DCS Commissioner stopped in last week and after reviewing the cameras and interviewing the youth, she deemed the facility <u>out of compliance</u>. There were several forms with (18 +) youth to one staff. Currently, teachers, Mrs. McClain (activities coordinator), therapist, and kitchen staff are on the floor due to the understaff issue. So, this means, class and therapy are rushed or incomplete. This is causing physical exhaustion, loss of revenue due to overtime and being unalert to handle mischief or any confrontation between the children that happens daily. .lso, lunch breaks were change from 30 minutes off the floor to two 15-minute breaks. New staff are not being properly trained to be on the floor due to this issue as well. If you check the cameras, you will notice staff and new staff sitting while the boys are doing what they want. There's no structure and due to the lack of training,

1

PLAINTIFF'S
EXHIBIT
3
Blumberg No. 5119

most staff are very weak to handle being on the floor. Desmond Moore recently started training as a floor supervisor. Per Desmond, he was promoted quickly and left to work the floor by himself so Mr. Curtis Jones can take his time off. Mr. Jones refers to Desmond as his "pit bull" because Desmond could hold the fort down. Desmond stated, "Mr. Curtis Jones had him sign off on the OJT without the training just to have a floor supervisor while Mr. Jones was on leave." The other shift supervisor, Mrs. Jones would leave Desmond to run shift by himself while she would sit in the break room on her cell phone. Before, Desmond was promoted to floor supervisor, Desmond as a YC would be called off the floor to do restraints within the same work shift because others weren't strong enough. **(cameras in Master Control for proof and other YC staff, including myself).** Mr. Curtis Jones also verbally reported to several employees as well as Desmond Moore that he needed a shift supervisor promoted quickly after Payne Walker was fired so he could take his vacation to Florida. This was not only a few weeks after three youth escaped from dorm (2) where again NO AFA was on sight to manage the escaped youth. The youth escaped from dorm (2) after an entire day of kicking a hole in the wall and going unnoticed. This sheds light on the supervision issues at Roane Academy and master control staff.

Desmond Moore has almost been with the company a year and has never called out or had a no show, where the majority of other employees continue to abuse the facility for being short staffed and not being able to terminate such incompetence. Desmond Moore was passionate, skilled and dedicated to your company and was left in a situation that legally has ramifications. The day of the incident on unit (2), Desmond was working a 16-hour shift with NO AFA onsite again in which this is a huge policy issue that warrants termination and not suspension. As I mentioned previously, Desmond asked for time off due to being over worked and needing personal, family and regrouped mental health strength to later be told it was denied. Even if you must provide a two weeks' notice to be off, one or two days can be allowed for such requests to handle the youth on a daily. His training consists of being told what he needs to do and not walking with an AFA for the weeks needed to shadow. Desmond occasionally walked through the dorms with an AFA but no ON THE JOB TRAINING occurred. Desmond was also asked to train another Supervisor in training named Mr. Lane while Desmond was still in training. Mr. Lane was seen trying to throw a desk at a youth on this particular incident on unit (2). Desmond was recently terminated, and charges pressed against him for the incident that occurred with Cubin (Facility Child of the State). The boys on hall (2) started to fight with Cubin and it became a huge fight amongst them all. Staff could not gain control of the issue. Desmond Moore tried to rectify the situation at hand, but soon lost control himself. After working all day, being exhausted and supervising all three floors, this incident caused a violation of YOI and DCS policies. Desmond Moore should have had back up from an AFA while in training. He should have never been left to man the floor without such help. There have been several incidents were staff has lost control and fired with no charges filed or publicly humiliated by being put on the front page of the Roane County News with the story told incorrectly (defamation of character). The youth on unit (2) caused the injuries to the other youth that was attacked.

- Supervisor Payne Walker hit a kid by throwing a radio and blacked his eye shown on camera. She only faced termination.
- (YC) Jamal Ashley was terminated for hitting and being aggressive to the youth and months later brought back to perform the same duties. Jamal was asked to write a statement to attest to this complaint. He also shares some of his own complaints. **(letter attached from Jamal Ashley)**
- The next day, I took Desmond to turn himself in after learning charges were filed. Later, I stopped by Roane Academy to ask the Human Resource Supervisor/Lauren Turpin for Desmond Moore's time off request and any training from Roane Academy. Lauren did not read or would not take the letter Desmond provided to obtain such paperwork. **(original letter from Desmond attached)**
- I have the original for proof. It was freely given without Desmond's verbal consent. As Lauren was giving me his DENIED leave request, she wrote approved on the top page and dated it 8/27/2019 – 9-2-2019 in front of me. I questioned why she did that and told her she couldn't do that without another form or signature from Desmond and management. She then proceeded to write another ELR out with the same dates and forged Mr. Curtis Jones name at the bottom and asked me to have Desmond sign it and bring it right back with the hopes of covering up what she wrote on the 1st ELR. Also, on the original

ELR, Lauren Turpin wrote the incorrect dates for approval. Desmond was suspended and or terminated for the incident on that specific date. Lauren Turpin is a liability to YOI and Roane Academy for her lack of professionalism and HIPPA violation. **(both ELR and Training for Desmond attached)**

- After, I began emailing Lauren Turpin for Desmond's on the job training as a Supervisor, Lauren began trying to call Desmond and Facebook messaging other staff to get Desmond to call her. I called Desmond's lawyer to seek legal advice. Directed by advisable counsel, Desmond did not return to the property or return any phone calls to Roane Academy. Lauren responded back to me via email that the (OJT packet) was YOI property and she could not give me anymore information pertaining to Desmond Moore. I asked Lauren, was it YOI policy when she gave me his (ELR and Forged ELR and training). **(Emails, phone calls and message from Lauren attached)**

- The staff on unit (2) were terminated that was involved in the incident with Desmond. Only two staff remained working the floor due to not engaging unprofessionally with the youth. The staff was DeAndre Moore and Shannon Scott. After, I began emailing Lauren Turpin for Desmond's (OJT packet) Deandre Moore was contacted by Lauren Turpin to be told he was suspended three days after the incident.**(attached)** Lauren also stated, "Mr. Curtis Jones was suspending all staff that worked the night of the incident on unit (2) until the investigation is over. Shannon, YC staff was never suspended and worked a 16-hour shift the day and after DeAndre Moore was suspended. **(Shannon's statement attached)** DeAndre soon learned that he was being terminated for not helping Desmond Moore the day of the incident on unit (2) when clearly on camera DeAndre was the only one pulling youth off of each other and locating them in another location. It is evident he was terminated due to relation to Desmond Moore.

- To add to the incompetence of the facility, I asked to come on board as a liaison between clinical and operations due to my high success rate with the youth and their clinical progress. This position consists of working from home Monday – Thursday 3 to 4-hours a day and resume my duties as a YC on Friday – Sunday PRN. I will train with Lead Casey Jenkins for two weeks M-F from 5:00 PM to 8:00 PM. I met with Dr. Tim Prosser to propose the idea and he was exited and thought it would be a great idea since audits will be coming soon. I have been incorporated in several groups per therapist request due to my strength and relationship with our youth. My assistance would overcompensate for the obvious deficiencies in clinical and operations, however I feel I have been under-appreciated. Roane Academy has a history of making very simple strategies much harder than need be. With my solution, focused mindset and my willingness to implement structure I am another employee that could benefit the program that has been misrepresented and mistreated. **(attached letter)** I was initially hired as PRN YC and to assist in this area. Teresa McClain sit in on my interview as a witness when I was asked due to my extensive training listed on my resume and degree, documented training and certifications. Also, I have **(attached a letter of recommendation from Mrs. Teresa McClain)** to attest to Desmond Moore work performance during his tenure at Roane Academy. I recently reached out to Mr. Curtis Jones to write a letter of recommendation for Desmond **(email and read receipt attached)**

To be later told that he does not do paper trail and wrote a letter of recommendation for Payne Walker who was terminated for the same incident. Payne Walker stated, "she will attest to this as well."

Currently, Desmond has an appointment this Wednesday, September 11th, 2019 with his lawyer with the intent to press charges against Roane Academy and YOI. Desmond currently has more witness statements and letters of recommendations from previous staff and current staff. I can be reached at 865-282-7087 for questions or concerns.

Thank you for your time and attention.

3

Respectfully,

LaKishia Boyd  (865) 282-7087

K4boyd@yahoo.com

**To: whom it may concern and DCS**

**From:** Jamal Ashley

**RE: Roane Academy in violation of many DCS policy.**

During my time working for Roane Academy /Youth Opportunity Investment, starting 9/17/ 2018 to me FINALLY quitting on 7/18/2019. I have witnessed an being the object of numerous violations of YOI policy and the Department of Children Services. The violation consists of staff having intercourse with the children in the facility or staff to staff having romantic relationships that interfered with work performance. These occasions were brought to the attention of two (AFA) assistant facility administrators Mr. Ricks and Mr. Woods in a private discussion. My concern was always being out of ratio on a regular basis to the point to where it is normal and working the dorm floor by myself for a whole shift. We all were over worked time and time again and denied time off when requested. More children were accepted into the program although the facility does not have enough staff to man the floor. We all were over worked and required to stay two days a week for 16 hours with no breaks due to not having enough staff. A lot of time no breaks were given, and they were denied because of ratio or simply because the employees are being ignored. All employees are locked on the floor with no access to get out unless you radio master control. A lot of the time, no one came. If something bad such as, a kid being aggressive with staff transpire, staff would be out of luck because YC staff can't get off the dorm. Our badges were taken due to kids escaping by yanking them off of the staff's neck and running. Currently, the teachers, therapist and kitchen staff are having to work the floors because staff is very, very low. Although, we had shortage of staff, I put my best foot forward only to be suspended for months at a time without compensation. This instance that I'm referring to is when a youth had and issue following instructions. I spent more than 20 minutes redirecting this kid to complete his work and to not disturb the class any longer. Due to his behavior progressing, I had to physically remove him from the area to eliminate any confrontation amongst the other children. The child ended up in a restraint due to his anger getting out of control. The Facility Administrator reviewed the camera and deemed the situation as overly aggressive on my part and suspended me for a month without pay. The second time I got suspended, one kid got punched in the face by another kid and I was not at fault in this case. All I saw was several youths in the restroom at one time, so I instructed everyone to go back to class. None of the kids hesitated and followed my instruction. I did not see anything going on

PLAINTIFF'S
EXHIBIT
4

when the kids were in the restroom. Then, I was forced to resign to later receive a call to be brought back when Roane Academy reached out to me for my help again. I was told that the particular incident did not warrant to be forced to quit or receive termination. The administrator admitted that I was not at fault and stated, " it was another employee's wrongdoing," who remained working there without equal corrective action taken.   Later, I was forced to resigned or be terminated, only to be brought back and have the same reoccurring issue. In some capacity being worse than before. Roane Academy has a severe lack of competence when it comes to the way the program is being managed and it doesn't appear that the management team and system wants to get better. The treatment the employees endure time and time again has caused a great loss of great staff. When the staff speaks to the Facility Administrator upon quitting, they are treated with lack of understanding, compassion and respect, as if we are or were nothing to the program. I have a reputation at the facility of being fair, firm, and consistent along with upholding the policy/rules that I was trained and told to enforce. Also, the facility has a child there that is 11 years old on unit 1 named Pierre. They are only supposed to take children starting at the age of 12 years. Please go check on the children and evaluate the conditions that are going unnoticed or being ignored. The kids and staff deserve better than what they are receiving and the staff that is over worked and being denied time off which is causing physical exhaustion and lack of rationalization when needed in a serious matter.


Respectfully,

Jamal Ashley


https://apps.pn.gov/carat

**From:** Boyd, Lakishia N.
**Sent:** Thursday, September 12, 2019 11:35 AM
**To:** Tyrene Green <Tyrene.Green@youthopportunity.com>
**Cc:** k4boyd@yahoo.com
**subject:** RE: Concerns, complaint and request
**Importance:** High

Mr. Tyrene Green,

Good morning! I wanted to follow-up with you in regard to the complaint in the email below I submitted to you on 9/9/2019. I wanted to know if my complaint was submitted to the corporate office for the proper investigation? If so, can you refer me to the correct person to speak with please?

Thanks,

Kishia Boyd


**From:** Boyd, Lakishia N.
**Sent:** Monday, September 9, 2019 10:12 AM
**To:** Tyrene Green <Tyrene.Green@youthopportunity.com>
**Subject:** Concerns, complaint and request

To: Mr. Tyrene Green/Tyrene.Green@youthopportunity.com
From: LaKishia Boyd (Youth Counselor)
RE: Roane Academy - Desmond Moore and DeAndre Moore

1



PLAINTIFF'S
EXHIBIT
5

## Boyd, Lakishia N.

**From:**      Boyd, Lakishia N.
**Sent:**      Thursday, September 12, 2019 7:33 PM
**To:**      dallas.scott@youthopportunity.com
**Cc:**      k4boyd@yahoo.com
**Subject:**      FW: Concerns, complaint and request

**Importance:**      High

Mr. Dallas,

Good evening! I wasn't sure if the complaint in the email trail below reached the corporate office for further investigation. I wanted to send this email and the initial complaint email with the supporting attachments for your review and investigation.

Thanks,

Kishia



PLAINTIFF'S
EXHIBIT
6

## Boyd, Lakishia N.

| | |
|---|---|
| **From:** | Dallas Scott <Dallas.Scott@youthopportunity.com> |
| **To:** | Boyd, Lakishia N. |
| **Sent:** | Thursday, September 12, 2019 7:36 PM |
| **Subject:** | Read: [EXTERNAL] FW: Concerns, complaint and request |

Your message

To:
Subject: Concerns, complaint and request
Sent: Thursday, September 12, 2019 11:35:42 PM (UTC+00:00) Monrovia, Reykjavik

was read on Thursday, September 12, 2019 11:35:35 PM (UTC+00:00) Monrovia, Reykjavik.

1

## Boyd, Lakishia N.

**From:** Boyd, Lakishia N.
**Sent:** Wednesday, November 6, 2019 5:02 PM
**To:** jim.hill@youthopportunity.com
**Subject:** FW: Concerns, complaint and request
**Attachments:** Jamal Ashley Complaint and termination for same incident.pdf; Desmond Moore letter request personal documents in HR file.pdf; ELR Desmond Moore.pdf; Desmond Moore Training.pdf; Email between Lauren Turpin and I regarding Desmond.pdf; Screenshots of calls from lauren turpin.pdf; Audio of Lauren calling for Dre to suspend him.mp4; Shannon Scott YC at Roane Academy.docx; RA-Newsome.docx; Teresa Mcclain LOR for desmond Moore.jpg; Read Receipt and email for LOR for Desmond.pdf

Thanks,

Kishia Boyd

PLAINTIFF'S
EXHIBIT
8